# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:16-CR-00209-MOC-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **LONNIE BROWN, JR.,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court on Defendant's Emergency Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 137. Defendant requests the Court to reduce his sentence based on his heightened susceptibility to the COVID-19 pandemic. See id. As discussed below, the Court denies Defendant's motion.

## I.   FACTUAL BACKGROUND

On December 9, 2016, Defendant pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). As that time, Defendant had an extensive criminal history, which included prior convictions for possession with intent to sell and deliver cocaine, conspiracy to possess with intent to sell and deliver cocaine, and possession of a firearm during and in relation to a drug trafficking crime. See Doc. No. 80. Indeed, Defendant committed the instant offense while he was in a halfway house, serving the remainder of his sentence for another federal drug trafficking offense. See id. at 4. At the time of sentencing, Defendant's pre-departure Total Offense Level was 34, his Criminal History Category was VI, and his Guideline Range was 262 to 327 months' imprisonment. See Doc. No. 135. But, based on Defendant's substantial assistance and certain overstatements in Defendant's criminal history, the Court departed to a Offense Level of 27 and a Guideline Range

of 130 to 162 months' imprisonment.  See id. at 2.  Ultimately, the Court sentenced Defendant to 132 months' imprisonment and to 5 years of supervised release.  See Doc. No. 134

After serving over 3 years and 8 months of his total sentence—which is over one-third of his sentence, see Doc. Nos. 138, 139—Defendant filed the instant motion for compassionate release.  Defendant maintains that the COVID-19 pandemic and his health conditions create extraordinary circumstances warranting his release from imprisonment.  See Doc. No. 137.  Of note, Defendant's prior presentence investigation report indicated that he suffered from various medical issues, including high blood pressure.  See Doc. No. 81 at 21.  Defendant also submitted evidence showing that his hemoglobin A1C levels are commensurate with those of an individual suffering from diabetes.  See Doc. No. 139-3.  And Defendant's counsel submitted an affidavit, which represented that Defendant suffers from pulmonary sarcoidosis and that this diagnosis was stored with the North Carolina Department of Public Safety, but that those records were destroyed pursuant to regular retention policies.  See Doc. Nos. 139-1, 139-4.  Finally, Defendant points out that he is 50 years old, so his age increases his risk from COVID-19.  See Doc. No. 81 at 2.

## II. ANALYSIS

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons."  But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond.  See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Here, Defendant submitted an email to the Court showing that, on April 6, 2020, he requested compassionate release from his Case Management Coordinator because of his age and health conditions.  See Doc. No. 139-2.  On April 10, 2020 the Case Management Coordinator responded, "You will be considered."  Id.  Still, Defendant has not been released.  Based on this exchange,

the Court finds that Defendant has exhausted administrative remedies by providing the Bureau with thirty days to make a compassionate release request on his own behalf.[1]

Although Defendant has exhausted his administrative remedies, the Court declines to exercise its discretion to order compassionate release at this time. The Court has considered the current state of the COVID-19 pandemic—both generally and within FCI Williamsburg, where Defendant is imprisoned, see generally Doc. No. 138 at 16—Defendant's criminal history, his supporting evidence regarding his medical conditions, and "good behavior" while imprisoned, Doc. Nos. 137, 139. Also, the Court considered the applicable sentencing factors provided by 18 U.S.C. § 3553(a). See United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). On balance, the weight of this evidence counsels against present release. Of particular note, Defendant's extensive criminal history includes several drug-related offenses, one of which involved the possession of a firearm during and in relation to the drug trafficking crime. See Doc. No. 80. And Defendant began the instant offense while still serving in a halfway house for a prior drug-related offense. See id. at 4. From this evidence, the Court cannot conclude at this time that Defendant does not present a danger to the safety of the community at this time. See U.S.S.G. § 1B1.13(2). Based on the foregoing—as well as other factors laid out fully by the Government and adopted here, see Doc. No. 138 at 12–18—the Court declines to order compassionate release at this time.[2]

---

[1] In any event, even if Defendant has not exhausted administrative remedies, it is clear that further exhaustion would be futile. See, e.g., United States v. Perez, No. 17-CR-513, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020). By the Government's admission, the Bureau refused to grant home confinement because Defendant's likelihood of recidivism is too high. See Doc. No. 138 at 5. If the Bureau determined Defendant is ineligible for home confinement based on recidivism, it would logically determine he is ineligible for wholesale compassionate release.

[2] Recognizing the Court "technically" does not have authority to do so, Defendant nevertheless asks the Court to also home confinement. Doc. No. 139. Even if the Court has discretion to create such a "release" structure, the Court declines to do so here for reasons discussed above.

3

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Emergency Motion for Compassionate Release, Doc. No. 137, is **DENIED**.

Signed: June 3, 2020

Max O. Cogburn Jr
United States District Judge