# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cr-209-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| vs. | ) |
| | ) **ORDER** |
| **LONNIE BROWN,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's pro se Emergency Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 149). The Government has responded in opposition to the motion.

## BACKGROUND AND DISCUSSION

Defendant Lonnie Brown, Jr. has filed the instant motion asking this Court to order his immediate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant points to his underlying medical conditions and the threat posed by the COVID-19 pandemic as a basis for the relief requested. This is Defendant's third motion for Compassionate Release. Both prior motions relied on the same underlying medical conditions and the threat posed to him by the COVID-19 pandemic.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in support of the motion to dismiss, Defendant did not exhaust his administrative remedies before filing this motion. The

1

Court, therefore, **DENIES** the pending motion without prejudice for failure to exhaust administrative remedies with the BOP.[1]

    **IT IS SO ORDERED**.

Signed: November 24, 2021

Max O. Cogburn Jr
United States District Judge

---

[1] The Court notes that, even if Defendant had exhausted his administrative remedies, the Court would deny the motion on the merits for the same reasons the Court denied his previous two motions. The Court would additionally deny the motion because Defendant indicates that he has been "fully vaccinated" against COVID-19, thus foreclosing any argument that he presents extraordinary and compelling reasons for release based on COVID-19 dangers. (Doc. No. 149 at 3).